IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YVONNE SWAIN, individually, and on Behalf of similar situated others, | § § § | |
| *Plaintiff*, | § § § § | |
| vs. | § § § | CIVIL ACTION NO. 1:18-cv-499-RP |
| CHARTER COMMUNICATIONS, INC. | § § § | |
| *Defendant*. | § | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Charter Communications, Inc.[1] ("Defendant"), by and through its undersigned counsel, responds to the Complaint filed by Plaintiff Yvonne Swain ("Plaintiff") as follows:

### I.   INTRODUCTION

1.      Defendant admits the first and third sentences of Paragraph 1 of the Complaint. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2.      Defendant admits only that Plaintiff is a black female and that she filed a charge of discrimination with the EEOC.  The charge of discrimination referenced in Paragraph 2 speaks for itself and is the best evidence of its contents.  Defendant denies the allegations contained in Paragraph 2 to the extent such allegations are inconsistent with the referenced charge of

---

[1] Defendant Charter Communications, Inc. is not a proper defendant, as it never employed Plaintiff or any of the putative class members, nor is it the successor in interest to Plaintiff's former employer—TWC Administration LLC ("TWCA").  Employees of TWCA transitioned to Charter Communications, LLC.

discrimination.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that the EEOC issued a Determination on or around March 21, 2018, and that a copy of the Determination is attached to Plaintiff's Complaint as Exhibit A. Defendant denies Plaintiff's characterizations of the Determination to the extent the characterizations are inconsistent with the Determination itself, and further denies the substance of the Determination.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint, and specifically denies that this case is appropriate for class treatment.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## II.  PARTIES, JURISDICTION, AND VENUE

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's citizenship and residence and, on that basis, denies same.  Defendant denies that it employed Plaintiff at any time.  Defendant admits that Plaintiff attached a document labelled "EPA CONSENT TO SUE FORM" as Exhibit B to the Complaint. The document referenced in Exhibit B speaks for itself and Defendant denies any allegations inconsistent with the document.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits that it is a Delaware corporation that employs more than 15 employees and has gross sales in excess of $500,000 annually.   The remaining allegations

contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits only that venue is proper in this district.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

## III.    FACTS

**A.    Plaintiff's Employment With Defendant**

14.     Defendant denies that it employed Plaintiff at any time.  Defendant admits only that TWCA hired Plaintiff as a Retention Representative in August 2010.  The 2010-14 performance ratings referenced in Paragraph 28 speak for themselves and are the best evidence of their contents. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 28 to the extent such allegations are inconsistent with the referenced performance ratings.

15.     Defendant admits that Plaintiff was promoted to a Trainer position in or about June 2012.  Defendant admits that Plaintiff is black and that her supervisor at that time and several of her coworkers were not black.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies employing Plaintiff at any time and denies that Plaintiff complained to Defendant's human resources department.   Defendant admits that Plaintiff

complained about her pay and filed an EEOC charge in December 2014.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

**B.      Defendant's Gender-Based Pay Discrimination Against Plaintiff**

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits only that Plaintiff and the two other individuals referenced in Paragraph 21 were rated using the same performance standards in 2013-2014.  Defendant denies the remaining allegations contained in Paragraph 18, including the allegations set forth in the Determination.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

**C.      Defendant's Race-Based Pay Discrimination Against Plaintiff**

20.     Defendant denies the allegations contained Paragraph 20 of the Complaint.

21.     Defendant admits only that Plaintiff and the two other individuals referenced in Paragraph 21 were rated using the same performance standards in 2013-2014.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

**D.      Retaliation and Constructive Discharge**

23.     Defendant admits upon information and belief that Plaintiff filed an EEOC charge in December 2014.  Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## IV.   COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT

26.     Defendant hereby incorporates by reference and restates its responses to each and every allegation set forth above as if set forth fully herein.

27.     Defendant admits that Plaintiff purports to bring a collective action on behalf of herself and as a representative of an opt-in collective class.  Defendant denies any wrongdoing and denies that Plaintiff is entitled to any relief or has any cause of action against Defendant whatsoever.  Defendant further denies that this case is appropriate for collective action treatment or that Plaintiff is similarly situated to any putative class.  Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint and denies that any such alleged discussions with unnamed third-parties are evidence of any basis for a collective action.

29.     The allegations contained in Paragraph 29 of the Complaint and its subparts are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 29 of the Complaint, including all sub-parts thereto.  Defendant further denies that this case is appropriate for collective action treatment.

30.     The allegations contained in Paragraph 30 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.  Defendant further denies that this case is appropriate for collective action treatment.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## V.    LEGAL CLAIMS

### COUNT I

### VIOLATION OF THE EPA
### 29 U.S.C. §§ 206, *et seq.*
### (On Behalf of Plaintiff and the EPA Class)

32.    Defendant hereby incorporates by reference and restates its responses to each and every allegation set forth above as if set forth fully herein.

33.    Paragraph 33 contains only a statement that this Count is brought on behalf of Plaintiff and a putative class and therefore does not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 33. Defendant further denies that this case is appropriate for class treatment.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

### COUNT II

### VIOLATION OF TITLE VII
### 42 U.S.C. § 2000e, *et seq.*
### (Plaintiff Only)

39.    Defendant hereby incorporates by reference and restates its responses to each and every allegation set forth above as if set forth fully herein.

40.    Paragraph 40 contains only a statement that this Count is brought on behalf of Plaintiff individually and therefore does not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

**COUNT III**

**TITLE VII RETALIATION**
**42 U.S.C. § 2000e, *et seq.***
**(Plaintiff Only)**

46.     Defendant hereby incorporates by reference and restates its responses to each and every allegation set forth above as if set forth fully herein.

47.     Defendant admits that Plaintiff alleges she suffered retaliation and harm. Defendant denies that Plaintiff suffered any retaliation or harm and denies all remaining allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies each and every allegation set forth in the section of the Complaint entitled "Prayer for Relief" and each subpart thereof.  Defendant denies any wrongdoing alleged in the Complaint and denies that Plaintiff has any cause of action or is entitled to any relief against Defendant whatsoever.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies the allegations contained in the Complaint, whether in numbered or unnumbered paragraphs.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual damages or harm because of any actions or omissions of Defendant, and Plaintiff therefore lacks standing to assert, and is barred from asserting, any cause of action against Defendant on behalf of herself or any putative class.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint is barred, in whole or in part, or recovery should be reduced, under the doctrines of avoidable consequences, consent, waiver, accord and satisfaction, acquiescence, laches, unclean hands, and/or estoppel (to include but not limited to equitable and judicial estoppel).

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted reasonably and in good faith, with honesty of purpose and without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions with respect to Plaintiff were taken or, in the case of inaction, not taken, for legitimate, non-discriminatory, and non-retaliatory reasons and were unrelated to Plaintiff's race or gender.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, even if any actions were taken based on alleged discriminatory or retaliatory reasons, which Defendant expressly denies, Defendant would have reached the same decision absent an unlawful motive and based upon legitimate, non-discriminatory, and non-retaliatory factors.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's action is or may be barred and/or relief is or may be limited due to after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not responsible under the doctrine of *respondeat superior* for the acts of its employees.  To the extent that Plaintiff alleges unlawful acts of co-workers, such were acting outside the scope of their authority, and thus, Defendant is not liable for any alleged wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done for good cause, pursuant to a bona fide seniority system, bona fide benefits plan, and/or in good faith in reliance on a written administrative regulation, order, ruling, approval, or interpretation, or any administrative practice or enforcement policy of the Equal

Employment Opportunity Commission, Department of Labor, Texas Workforce Commission, or any other state or federal agency governing the workplace.

## TENTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable for any alleged wage disparity because any such disparity was the result of: (a) a seniority system; (b) a merit system; (c) a system that measures earnings by quantity or quality of production; and/or (d) any factor other than sex.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, or any other applicable anti-discrimination or anti-retaliation statute.

## TWELFTH AFFIRMATIVE DEFENSE

In the unlikely event that a fact-finder decides that unlawful discrimination or retaliation as committed by Defendant's employees or others (it was not), such discrimination went against Defendant's good faith efforts to comply with federal law and to enforce its anti-discrimination policy, such that an award of punitive damages would be inappropriate.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of liquidated damages by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, based upon the scope-of-charge doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief because, to the extent Plaintiff is entitled to a remedy (which Defendant denies), she has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff, in whole or in part, is barred by the exclusive remedy provisions of Texas's workers' compensation laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent her claims, if any, are attributable to occurrences falling outside the applicable statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks statutory or other penalties, such a claim must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded to Defendant by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and/or by similar provisions of the Texas Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims involve the loss of retirement plan benefits or credits, health and welfare benefits, or any other benefits covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101 *et seq.*, such claims are preempted by ERISA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory or discriminatory behavior, which Defendant denies occurred, and Plaintiff unreasonably failed to avail herself of her Defendant's preventive and remedial apparatus.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred by Plaintiff's failure to properly exhaust her administrative remedies and/or comply with the statutory prerequisites to suit.  To the extent Plaintiff alleges any discrimination that was not included in a timely discrimination charge, such claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members should be dismissed or stayed to the extent any such individual agreed to pursue such claims in arbitration.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This matter cannot be pursued on a class action basis to the extent Plaintiff and/or any putative class members agreed to pursue claims arising out of their employment, such as those set forth in the Complaint, only on an individual basis through arbitration.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative class members must be tried in a bench trial to the extent any such individual agreed to waive their right to a jury trial on such claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and/or putative class members have suffered any damages, which Defendant denies, Defendant is entitled to claim a set-off for amounts owed to Defendant by such individual(s).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If a fact finder determines any unlawful reason as prescribed by Title VII was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies, Defendant would nonetheless have made the same employment decision regardless of any alleged discriminatory or retaliatory animus.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages and losses, if any, are subject to any and all applicable statutory limitations on damages, including but not limited to under 42 U.S.C. §1981a.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses that may arise during the course of this litigation.

### PRAYER FOR RELIEF

Defendant prays for judgment as follows:

1.     That Plaintiff take nothing from Defendant by reason of her Complaint and that judgment be rendered in favor of Defendant; and

2.     That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

3.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ *Christine E. Reinhard*
Christine E. Reinhard
State Bar No. 24013389
Dylan A. Farmer
State Bar No. 24093417
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Office: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
dfarmer@sr-llp.com

Michael D. Kabat
Joseph W. Ozmer II
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Office: (404) 400-7300
Fax:  (404) 400-7333
mkabat@cozlaw.com
*Pro Hac Vice Motion to be Filed*

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

On July 19, 2018, a true and correct copy of this document was served *via CM/ECF* on the following counsel of record:

Kevin S. Mullen
The Mullen Firm PLLC
3801 N. Capital of Texas Hwy.
Suite E-240/604
Austin, Texas 78746
Office: (512) 537-7959
kevin@themullenfirm.com

Craig M. Bryan
Bryan Law Firm PLLC
3801 N. Capital of Texas Hwy.
Suite E-240/212
Austin, Texas 78746
Office: (512) 777-1769
Fax: (512) 90-9177
cbryan@bryanfirm.com

/s/ *Christine E. Reinhard*
Christine E. Reinhard